

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-18-2002

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3003

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Johnson" (2002). *2002 Decisions.* Paper 660.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/660

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3003

UNITED STATES OF AMERICA

v.

WESLEY C. JOHNSON

Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 01-cr-00220-1)
District Judge: Honorable Sylvia H. Rambo

Submitted Under Third Circuit LAR 34.1(a)
September 23, 2002

Before: BARRY, AMBRO and COWEN, Circuit Judges

(Opinion filed: October 18, 2002)

OPINION

AMBRO, Circuit Judge

On August 14, 2001, Wesley C. Johnson pled guilty to aiding and abetting interstate

transportation of false securities in violation of 18 U.S.C. §§ 2314 and 2 and one count of conspiracy in

violation of 18 U.S.C. § 371. The District Court applied the U.S. Sentencing Guidelines ("U.S.S.G."),

which specified a total offense level of 14, a criminal history category of III, and a guideline range of 21 to 27 months imprisonment. Johnson requested a two-level "minor participant" reduction under U.S.S.G. § 3B1.2(b), which the District Court denied. In light of Johnson's exemplary cooperation with the conspiracy investigation, the Government recommended a substantial assistance downward departure of at least 50%, which the District Court granted, thereby reducing Johnson's sentence to 11 months. Nonetheless, Johnson challenges the District Court's refusal to grant a two-level minor participant reduction.

The Commentary to U.S.S.G. § 3B1.2(b) states that a court should apply a minor participant reduction when the defendant is "less culpable than most other participants" but plays a role that "could not be described as minimal." U.S. SENTENCING GUIDELINES MANUAL § 3B1.2, cmt. n.5 (2001). Whether to apply the reduction is "heavily dependent on the facts of the particular case." Id. cmt. n.3(C). Principles relevant to determining the application of § 3B1.2 are (1) the nature of the defendant's relationship to the other participants, (2) the importance of his actions to the success of the venture, and (3) his awareness of the nature and scope of the criminal enterprise. United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991).

Our Court "must sustain the District Court's factual findings as to a § 3B1.2 minimal or minor role adjustment unless those findings are clearly erroneous." United States v. Perez, 280 F.3d 318, 351 (3d Cir. 2002) (citing United States v. Haut, 107 F.3d 213, 218 (3d Cir. 1997)). "A decision is clearly erroneous if the reviewing court is left with the definite and firm conviction based on all the evidence that the trial court made a mistake." Id. (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). We will generally uphold a district court's minor participant finding if there

2

has been a "simple statement by the district court together with some supporting facts of record concerning a defendant's status . . . ." Haut, 107 F.3d at 217-18 (quoting United States v. Ocampo, 937 F.2d 485, 491 (9th Cir. 1991)) (internal quotation marks omitted).

Johnson argues that he is entitled to a two-level reduction in offense level under U.S.S.G. § 3B1.2(b) because he was a "minor participant" in a scheme to sell automobiles with "rolled back" odometers. He contends that his role was limited to selling the cars at a local auto auction. He did not personally roll back odometers or alter any automobile's paperwork. He sold only 109 of the 408 cars involved in the conspiracy and received only $150 in profit per car, for a total profit of $16,350.

The District Court denied the two-level reduction on the basis that each of the conspirators, including Johnson, played a crucial role in the odometer-rollback scheme. The District Court also noted that all the defendants were "given a break." All defendants could have been convicted for altering the odometers on 408 cars but were only charged with doing so for a lesser number. Furthermore, Johnson was not ordered to pay restitution.

The District Court's factual finding that Johnson was no less culpable than his co-conspirators was not clearly erroneous. On one hand, Johnson dealt with only 27% of the automobiles involved in the conspiracy. Yet he admitted knowledge of the conspiracy's nature and scope. Johnson's selling the automobiles with altered odometers was the final step essential for the conspirators to profit from their actions. Furthermore, he was responsible for forwarding falsified paperwork to the Pennsylvania Department of Transportation. See Perez, 280 F.3d at 352 (refusing to hold that the district court committed clear error in denying a minor role reduction for defendants who performed a role "different" from that of other participants but "without which the distribution and the conspiracy could not have

3

succeeded.")  Under these facts, we lack "the definite and firm conviction based on all the evidence that the trial court made a mistake."  Id. at 351.  We therefore affirm.

———————————————————

TO THE CLERK:

      Please file the foregoing Opinion.

By the Court,

    /s/ Thomas L. Ambro

Circuit Judge

4